# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BORISH JENKINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV414-078 |
| AKSHAR HOTEL PROPERTIES, LLC, FOUR POINTS BY SHERATON, GRAHAM ASHER, DECI SHOOP, CHARLES DILIELLO, and PURNELL ROGERS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Borish Jenkins has filed an employment discrimination claim against Akshar Hotel Properties, LLC, Four Points by Sheraton, and several managers for failing to hire him. (Doc. 1 at 3-4.)[1] He also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

---

[1] This is not plaintiff's first employment discrimination lawsuit. *See Jenkins v. Flotel II, Inc.*, CV412-076, doc. 21 (S.D. Ga. Sep. 27, 2012), *dismissed via stipulation*, doc. 27 (S.D. Ga. Feb. 12, 2013).

The Court **GRANTS** his motion to proceed IFP, but his case must be dismissed because it fails to survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits the Court to dismiss at the outset those complaints that fail to state a claim for relief.

Jenkins applied for a catering director position at the Four Points by Sheraton in Savannah's Historic District, which is managed by defendant Akshar Hotel Properties. (Doc. 1 at 3-4.) After several interviews, he believed that he was assured the position. (*Id.*) He resigned from his previous job and showed up for orientation, but an assistant manager told him that he would need to contact defendant Purnell Rogers to reschedule. (Doc. 1-1 at 3.) Rogers informed Jenkins that management had rejected him due to his criminal background.[2] (*Id.*) Jenkins filed a claim before the EEOC asserting that he was rejected based upon his race in violation of Title VII the Civil Rights Act of 1964. (Doc. 1-1 at 10.) The EEOC's attached "right-to-sue" letter noted that it was "unable to conclude that the information obtained establishe[d] a violation of the statutes." (*Id.* at 1.) Armed with that letter, Jenkins contends here that he was discriminated against based

---

[2] He is a convicted felon. *See Jenkins v. Barrow*, CV409-125 doc. 12 at 1-2 (S.D. Ga. Jul. 28, 2010) (recounting his criminal history).

2

upon his race and his status as a convicted felon. (Doc. 1 at 3.) He asks for $450,000 in damages. (*Id.* at 4.)

Jenkins has failed to state a claim for relief.³ To establish a *prima facie* failure-to-hire case, the plaintiff must show that: (1) he was a member of a protected class; (2) he applied and was qualified for a position for which the employer was accepting applications; (3) despite his qualifications, he was not hired; and (4) the position remained open or was filled by another person outside of his protected class. *EEOC v. J's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002) (citing

---

³ As the Eleventh Circuit has emphasized:

Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis added), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010).

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Jenkins is an African-American, and therefore is a member of a protected class.[4] Assuming without deciding that Jenkins has offered facts sufficient to support the second and third elements of a *prima facie* failure-to-hire claim, his complaint still fails because he has made no factual allegations supporting the fourth element: that the position was filled by someone outside of his protected class. He indicates that the position was filled, but he never says by whom. (Doc. 1-1 at 10.) *Lane v. Broward County*, 411 F. App'x 272, 273 (11th Cir. 2011). Jenkins' failure to offer factual support for that element furnishes an adequate ground for dismissing his complaint. *E.g., Chapman v. Western. Exp., Inc.*, 815 F. Supp. 2d 1274 1281 (S.D. Ala. 2011).

The complaint is also defective in several other respects. Jenkins names all of the individual defendants in both their "personal [and] professional capacity." (Doc. 1-1 at 2.) Employment discrimination suits, however, are only permitted against an employer, not against a

---

[4] He also claims that he was discriminated against based upon his status as a convicted felon. (Doc. 1 at 3.) It is well established, however, that a "criminal conviction does not make him a member of a protected class." *Morgan v. Flex Tec*, 2012 WL 5398401 at *2 (M.D. Ga. Nov. 5, 2012); *e.g., Manley v. Invesco*, 555 F. App'x 344, 348-49 (5th Cir. 2014) ("[p]ersons with criminal records are not a protected class under Title VII").

supervisor in his individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."). Since Jenkins has named the hiring businesses (it is unclear whether one or both of defendants Akshar Hotel Properties and Four Points by Sheraton was the hiring employer), the individual defendants would be subject to dismissal even if this case survived screening.

Finally, the complaint is unsigned. (Doc. 1 at 5.) Under Rule 11(a) of the Federal Rules of Civil Procedure "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* But because Jenkins has failed to state a claim for relief, the Court need not send the complaint back so that it may be supplemented with a proper signature page.

For all of the reasons explained above, Jenkins' case should be **DISMISSED**. Jenkins is free to amend his complaint as part of any Fed. R. Civ. P. 72(b)(2) objection that he may wish to file to this Report

and Recommendation.

**SO REPORTED AND RECOMMENDED** this ___16TH___ day of July, 2014.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA